UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 10-CR-212S

JIA MING HUANG,

        Defendant.

1. On February 13, 2011, Jia Ming Huang appeared before this Court and pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. On July 27, 2011, this Court sentenced Huang to a 78-month term of imprisonment and imposed a three-year period of supervised release. (Sentencing Tr., at 26–27; Docket No. 166.)

2. Huang, acting *pro se*, now moves for the return of certain property seized – a gold Rolex watch and a gold 18k ring – in connection with his arrest and guilty plea. Although he brings this motion under Federal Rule of Criminal Procedure 41(e), which concerns the issuance of warrants, given his *pro se* status, this Court will construe his motion as one under Rule 41(g), which permits a "person aggrieved by an unlawful search and seizure of property" to "move for the property's return." This rule not only provides recourse for those aggrieved by the unlawful seizure of personal property, but also when lawfully seized property is unreasonably retained by the government. See id., Advisory Committee Note to the 1989 Amendments (explaining that the rule no longer simply permits persons to seek return of property obtained from an unlawful search or seizure). Even so construed, however, Huang's claim must fail.

3. It must fail because Huang, in the plea agreement he reached with the

Government, agreed to forfeit his rights to this property. (See Plea Agreement, ¶ 24; Docket No. 114 ("The defendant waives any rights he has or may have or possess to contest and agrees not to contest any administrative or abandonment proceeding that has or may be brought by the United States against . . . one Men's Gold Rolex Oyster Perpetual Watch with Diamonds, and one Men's Gold Ring with Black Onyx and four (4) diamonds.")). Such an agreement forecloses any relief he might have had under Rule 41(g). See United States v. Zambrano, 353 F. App'x 227, 228 (11th Cir. 2009) (quoting United States v. Machado, 465 F.3d 1301, 1307 (11th Cir.2006), *abrogated on other grounds*) ("[I]t would be inequitable to return property obtained through criminal activity or property that a defendant 'voluntarily forfeited to the government as part of a valid plea agreement' after receiving the 'full benefit of the bargain.'"); Betancur v. United States, No. 12 CIV. 6951 WHP, 2013 WL 68711 (S.D.N.Y. Jan. 7, 2013) (denying Rule 41(g) motion where Defendant agreed in a plea deal to forfeit the subject property). Accordingly,

IT HEREBY IS ORDERED, that Petitioner's Motion for Return of Seized Property (Docket No. 169) is DENIED.

SO ORDERED.

Dated: July 16, 2013
       Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              Chief Judge
                              United States District Court